UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA DeVOOGHT, JENNIFER
PIPER and DAWN McLEAN,

                Plaintiffs,

                             Case No. 20-CV-10812

vs.

                             HON. GEORGE CARAM STEEH

CITY OF WARREN,

                Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COSTS AND FEES (ECF NO. 126)
<u>AND OVERTURNING TAXED COSTS (ECF NO. 131)</u>

      This matter is before the Court on defendant City of Warren's motion for costs and fees following a bench trial which resulted in entry of judgment in favor of defendant. For the reasons stated in this opinion and order, defendant's motion for attorney's fees and costs is denied and costs taxed by the Clerk are overturned..

I.    <u>Background</u>

      Plaintiffs filed this case in March 2020 to challenge a prisoner intake search policy at the Warren Police Department (WPD) under which female dispatchers are required to assist with female prisoner intake searches in the WPD Jail while male dispatchers are never required to assist with

prisoner searches. Prior to conducting discovery, the parties filed cross-motions for summary judgment based on a stipulated joint statement of facts (ECF Nos. 25-27). The Court found there were issues of material fact whether the bona fide occupational qualification (BFOQ) defense applied to the facially discriminatory policy and denied both motions (ECF No. 37).

The parties conducted discovery, after which defendant filed another motion for summary judgment (ECF No. 57). The Court denied the motion but narrowed the issue for trial to whether defendant could establish the third element of the BFOQ defense that no reasonable alternatives exist to the current gender-based policy requiring female dispatchers to perform female prisoner intake searches (ECF No. 74). In September 2022, the Court presided over a two-day bench trial. On February 2, 2023, the Court issued its Findings of Fact and Conclusions of Law and entered judgment in favor of defendant (ECF Nos. 124 and 125).

Defendant filed a motion for costs and fees on February 16, 2023 (ECF No. 126) and submitted a bill of costs on March 21, 2023 (ECF No. 130). The Clerk of the Court taxed costs against plaintiffs associated with court reporter fees in the amount of $6,027.35 (ECF No. 131). Plaintiffs filed a response to defendant's motion for costs and fees, in which they oppose an award of attorney's fees as well as taxable costs (ECF No. 132).

II.   Attorney's Fees

For claims brought under Title VII and 42 U.S.C. § 1988, the Court "in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. §2000e-5(k). Prevailing plaintiffs are entitled to attorney's fees under 42 U.S.C. §2000e-5(k) in all but special circumstances, while prevailing defendants are entitled to them much less frequently. *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 1985) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417-18 (1978)). "Relying on the legislative history to Title VII, the [Supreme] Court found that Congress intended to provide incentives for private enforcement of the civil rights laws while at the same time affording some protection to defendants from litigation 'having no legal or factual basis.'" *Id*. (citing *Christiansburg Garment*, 434 U.S. at 420). Therefore, a prevailing party-defendant is entitled to fees only if plaintiff's action was "frivolous, unreasonable, or without foundation, even though it was not brought in subjective bad faith." *Christiansburg Garment*, 434 U.S. at 417-18 (1978) (Title VII); *Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980) (applying standard to fee award under § 1988 claim).

In addition, courts may assess fees against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This sanction requires that the attorney "knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir.1986)).

Defendant argues that plaintiffs and their counsel were aware that there were no reasonable alternatives to a gender-based policy for intake searches in the Warren jail by August 14, 2020 when they received their expert witness's written opinion, and no later than April 21, 2021 when his deposition was taken. According to defendant, all discovery conducted thereafter, as well as plaintiffs' continued opposition to the second motion for summary judgment and application of the BFOQ defense, was frivolous, lacked merit, and unreasonably increased the litigation costs incurred by defendant.

Defendant's argument is contrary to the Court's conclusion on summary judgment that based on the evidence presented, particularly

plaintiff's expert's opinion, there remained issues of fact regarding the existence of "reasonable alternatives to the discriminatory policy." ECF No. 74, PageID.3525-3526. The Court is cognizant that the underlying purpose of civil rights statutes would be undermined if fees are awarded to prevailing defendants too freely by engaging in post hoc analysis of the evidence and the reasonableness of bringing suit in the first place. *See Christiansburg Garment*, 434 U.S. at 421-22. This is not a case of where plaintiffs' claims were frivolous, unreasonable, or groundless to support an award of attorney fees to the defendant.

As for the manner in which the plaintiffs' attorneys conducted the litigation, the Court does not find that their conduct "from an objective standpoint, 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1049 (6th Cir. 1996) (citation omitted).

For these reasons, the Court declines to exercise its discretion to award attorney fees to defendant.

III.   <u>Taxable Costs</u>

Under Fed. R. Civ. P. 54(d)(1), taxable costs are awarded to a prevailing party "unless the court otherwise directs." There is a presumption

in favor of awarding costs to the prevailing party, but the court retains discretion to deny costs. *Knology, Inc. v. Insight Commc'ns Co., L.P.*, 460 F.3d 722, 726 (6th Cir. 2006). The Sixth Circuit provides guidance for courts to consider certain factors in determining whether to exercise their discretion to deny costs. *White & White, Inc. v. Am. Hosp. Supply Corp*, 786 F.2d 728, 730 (6th Cir. 1986). The burden is on the plaintiffs, as the unsuccessful party, to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party. *Id*. at 732 (citation omitted).

One factor that can support a denial of costs is whether the action was reasonable and brought in good faith, as long as other factors also support denying costs to a prevailing party. *Id*. at 731. In this case, plaintiffs' case was brought in good faith.

Courts may also deny costs where the case is "close and difficult." *Id*. at 730 (citation omitted). The "closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Id.* at 732–33. The evidence in this case consisted of many opinions regarding alternatives to the female prisoner intake search policy, and the data underlying those opinions. This

included testimony from competing experts, several dispatchers and a number of employees of the Warren Police Department. The Court had to consider the various views presented on each proposed alternative, to determine whether any of the alternatives was a reasonable substitute for the challenged policy. The Court would characterize the process it underwent to be "close and difficult" in this case.

Another factor is whether the expenses were necessary to the defense, or whether they were unnecessary or unreasonably large. *Id*. at 730-31. The Bill of Costs Handbook allows for court reporter fees for all or any part of a transcript "necessarily obtained for use in the case[,]" Bill of Costs Handbook at II.C. The court reporter fees for depositions, which have been awarded to defendant as taxed costs, were not unreasonably large and were in fact necessary to the defense in this case.

Good faith alone does not warrant the denial of costs, *White & White*, 786 F.2d at 731, but here the fact that the case was close and difficult also weighs in favor of overturing the costs taxed for court reporter fees. The Court concludes that the taxed costs shall therefore be overturned.

IT IS HEREBY ORDERED that defendant's motion for costs and fees (ECF No. 126) is DENIED.

IT IS HEREBY FURTHER ORDERED that taxed costs entered by the

Clerk (ECF No. 131) are OVERTURNED.

It is so ordered.

Dated:   May 10, 2023

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 10, 2023, by electronic and/or ordinary mail.

s/Michael Lang
Deputy Clerk